**Don Corson, OSB# 851777**
dcorson@corsonjohnsonlaw.com
**Derek Larwick, OSB #120334**
dlarwick@corsonjohnsonlaw.com
**CORSON & JOHNSON LAW FIRM**
940 Willamette Street, Suite 500
Eugene, Oregon 97401
Telephone: (541) 484-2525
Facsimile: (541) 484-2929

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| GEORGE REGAS, | Case No. 6:15-cv-1722 |
| Plaintiff, | COMPLAINT |
| v. | Breach of Contract; Negligence; Financial Abuse of a Vulnerable Person (28 U.S.C. § 1332) |
| AMICA MUTUAL INSURANCE COMPANY, a foreign corporation, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## PARTIES

1.

Defendant Amica Mutual Insurance Company is and, at all material times, was a foreign corporation organized and existing under the laws of the State of Rhode Island.

**COMPLAINT – Page 1**

2.

George Regas is a citizen and resident of Oregon.

## JURISDICTION AND VENUE

3.

The Court has jurisdiction under 28 U.S.C. § 1332 because this case is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.

Venue is appropriate under 28 U.S.C. § 1391 because Defendant Amica Mutual Insurance Company transacts business and is subject to personal jurisdiction in this judicial district and because a substantial portion of the events giving rise to this action occurred in this judicial district.

## STATE LAWS ESTABLISHING LIABILITY

5.

Plaintiff's claims for breach of contract and negligence *per se* are based on Oregon common law. Plaintiff is relying on ORS 746.230 to set a standard of care that is separate from the obligations arising from the contract between the parties. Plaintiff's claim for financial abuse of a vulnerable person is based on ORS 124.100 through ORS 124.140. Plaintiff's claims for attorney fees are based on ORS 742.061 and ORS 124.100(2)(c).

## FACTUAL ALLEGATIONS

6.

Defendant Amica Mutual Insurance Company is a for-profit corporation in the insurance business. Defendant Amica Mutual Insurance Company holds itself out to the community as providing automobile insurance coverage to people throughout the nation, including Oregon.

7.

At all material times, Defendant Amica Mutual Insurance Company acted through its employee agents, who were acting within their authority and course and scope of employment, or non-employee agents, whose conduct was on behalf of, authorized by, and subject to the control of Defendant Amica Mutual Insurance Company in a manner similar to how Defendant Amica Mutual Insurance Company controlled its employees and agents engaged in similar work.

8.

At all material times, the actions of Amica Mutual Insurance Company's officers, agents, and employees were the acts of Defendant Amica Mutual Insurance Company. Similarly, at all material times, the knowledge of Defendant Amica Mutual Insurance Company's officers, agents, and employees was and is the knowledge of Defendant Amica Mutual Insurance Company.

**FIRST CLAIM FOR RELIEF**

**BREACH OF CONTRACT**

9.

Plaintiff George Regas incorporates paragraphs 1 through 8.

10.

At all material times, Defendant Amica Mutual Insurance Company marketed its insurance products and services to Oregonians, entered into contracts with Oregonians, and promised to provide insurance coverage when those Oregonians made valid claims on their insurance contracts. Defendant Amica Mutual Insurance Company agreed to abide by the insurance rules and laws that apply in Oregon.

11.

Defendant Amica Mutual Insurance Company entered into an insurance contract in which it promised to provide George Regas insurance coverage for injuries and losses caused by uninsured or underinsured motorists. George Regas paid premiums for that insurance contract and for the insurance coverage to protect himself from harms and losses caused by uninsured and underinsured motorists.

12.

The intended and agreed upon purpose of the insurance contract was to protect the financial security, emotional well-being, peace of mind, and physical health of George Regas and other persons insured under the contract. The parties knew and understood that, if Defendant Amica Mutual Insurance Company breached that contract by failing to pay the amount it was obligated to pay, Defendant Amica Mutual Insurance Company would endanger George Regas's financial security, emotional well-being, peace of mind, and physical health that the contract was intended to protect.

13.

Because an insurance company's breach of its insurance contracts and its refusal to pay the amounts lawfully owed for valid claims causes additional harm to the insurance customer's financial security, emotional well-being, peace of mind, and physical health, Oregon law requires insurance companies to follow standards of good faith and fairness to their insurance customers to prevent causing further unnecessary harm and injury to those customers.

14.

To protect his financial security, emotional well-being, peace of mind, and physical health, George Regas purchased from Defendant Amica Mutual Insurance Company additional insurance coverage above and beyond the minimum auto insurance required by Oregon law.

**COMPLAINT – Page 4**

15.

At all material times, George Regas was an insured person covered under the insurance contract. The insurance contract was in full force and effect on February 2, 2014, the date that an underinsured motorist seriously injured George Regas.

16.

An underinsured motorist is one whose liability insurance coverage is less than the amount of uninsured and underinsured motorist coverage that George Regas purchased from Defendant Amica Mutual Insurance Company. Under the insurance contract, if an underinsured motorist injured George Regas, Defendant Amica Mutual Insurance Company was required to pay George Regas all damages that he would be legally entitled to recover from the underinsured motorist, less the amount of the underinsured motorist's liability insurance, up to George Regas's policy limits.

17.

On February 2, 2014, at about 1:45 p.m., an undersinsured motorist negligently caused injury to George Regas while George Regas was riding a bicycle along the shoulder of a long, straight section of East Cloverdale Road, near Creswell, Oregon. The underinsured motorist negligently drove over the fog line and hit George Regas at a high rate of speed.

18.

The underinsured motorist's negligent conduct was a substantial factor in causing George Regas to suffer serious and painful injuries, including to his head, neck, face, shoulders, left ankle, and left leg, with a fractured fibula, torn shoulder tendons, contusions, abrasions, ecchymosis, hematoma, neurological deficits, road rash, and walking impairments. Some of the injuries are permanent in nature, and George Regas's injuries have caused, and will continue to cause, him to suffer fear, pain, discomfort, disability, loss of sleep, emotional distress, anxiety, interference with normal life

activities, and loss of enjoyment of life, all to his human damage and losses in an amount to be determined by the jury in accordance with the law, not to exceed $425,000.

19.

As a result of the described events and injuries, George Regas has required the care and services of emergency medical technicians, ambulance transport, emergency room trauma care, physicians, surgeons, neurological evaluation, nurses, physical therapists, orthopedic hardware, diagnostic imaging, and medications, and in the future he will likely require additional medical care and services, all to his economic losses in an amount to be determined by the jury in accordance with the law, not to exceed $123,000. George Regas's economic losses are ongoing, and Plaintiff will seek leave to amend this pleading before trial to update those damages.

20.

At the time of the described collision, George Regas was 70 years old. George Regas is currently 72 years old and has a reasonable life expectancy of an additional 14 years.

21.

George Regas was legally entitled to recover damages from the underinsured motorist as a result of the injuries and harm George Regas suffered when the underinsured motorist negligently struck and injured him.

22.

George Regas's injuries were caused by an accident that involved the operation, maintenance, or use of a land motor vehicle whose limits of insurance for bodily injury liability were less than the amount of underinsured motorist coverage limits in the insurance contract between Defendant Amica Mutual Insurance Company and George Regas. The vehicle that hit and injured George Regas on February 2, 2014, was an "uninsured motor vehicle" as that term is defined in the insurance contract. The

underinsured motorist's coverage of $50,000 was insufficient to pay for all of George Regas's losses.

23.

George Regas has fully complied with all of the enforceable terms of the insurance contract and has performed all duties required by Oregon law.

24.

On December 6, 2014, Defendant Insurance Company gave written consent to George Regas to settle the claim against the underinsured motorist.

25.

Under the insurance contract, Defendant Amica Mutual Insurance Company was and is required to pay George Regas $450,000, which is the amount of his underinsured motorist coverage ($500,000), less the amount already recovered from the underinsured motorist ($50,000).

26.

On October 3, 2014, George Regas sent proof of loss to Defendant Amica Mutual Insurance Company.  That proof of loss included a copy of a 10-page letter with photographs and a clear description of the facts giving rise to the claim and the injuries George Regas suffered, and it demonstrated that George Regas's damages were substantially in excess of the underinsured driver's policy limits of $50,000.  That proof of loss also provided a declaration sheet showing Defendant Amica Mutual Insurance Company that the negligent driver was an underinsured driver because that driver's insurance policy limits were only $50,000.

27.

On October 8, 2014, Defendant Amica Mutual Insurance Company responded with a letter identifying the adjuster it had assigned to manage George Regas's claim for underinsured motorist benefits.

28.

For more than six months after George Regas provided proof of loss to Defendant Amica Mutual Insurance Company, Defendant Amica Mutual Insurance Company did not agree in writing that it had accepted coverage and the only issues are the liability of the underinsured motorist and the damages due to George Regas or that it consented to binding arbitration.

29.

George Regas is entitled to his reasonable attorney fees and costs pursuant to ORS 742.061.

## SECOND CLAIM FOR RELIEF

### NEGLIGENCE *PER SE*

30.

Plaintiff George Regas incorporates paragraphs 1 through 29.

31.

Oregon Revised Statute 746.230 sets a standard of care that Defendant Amica Mutual Insurance Company and all other insurance companies doing business in Oregon must follow to protect insurance customers and claimants from unfair claim settlement practices by insurance companies. That standard of care is separate from the insurance contract that is the subject of George Regas's breach of contract claim.

32.

Defendant Amica Mutual Insurance Company violated Oregon's standard of care for insurance companies and was negligent in one or more of the following ways:

(a) In not attempting, in good faith, to promptly and equitably settle George Regas's claim, in which liability had become reasonably clear, which is negligence *per se* for violation of Oregon Revised Statute (ORS) 746.230(1)(f);

(b)     In refusing to pay George Regas's claim without conducting a reasonable investigation based on available information, which is negligence *per se* for violation of ORS 746.230(1)(d);

(c)     In failing to affirm or deny coverage of George Regas's claim within a reasonable time after he submitted proof of loss, which is negligence *per se* for violation of ORS 746.230(1)(e);

(d)     In attempting to settle George Regas's claim for less than what a reasonable person would consider reasonable after reviewing Defendant Amica Mutual Insurance Company's advertising materials, which is negligence *per se* for violation of ORS 746.230(1)(h); and

(e)     In compelling George Regas to initiate litigation to recover amounts due by offering substantially less than the amounts that other claimants ultimately recover in other actions, which is negligence *per se* for violation of ORS 746.230(1)(g).

33.

George Regas is a member of the class of individuals that the Oregon Legislature intended to protect when it enacted ORS 746.230 to reduce unfair claim settlement practices by insurance companies. George Regas's loss of a fair, prompt, and reasonable settlement and the harms resulting from that loss are the type of harms and losses that the Legislature intended to prevent by enacting ORS 746.230.

34.

At all material times, as a corporation engaged in the business of marketing and selling insurance and administering insurance claims, Defendant Amica Mutual Insurance Company knew, or in the exercise of reasonable care should have known, that each of the acts or omissions described below would create a foreseeable, unreasonable risk of harm that an already injured insured person, such as George Regas, would likely suffer

aggravation of injuries, further adversity by having fewer financial resources to pay for needed medical treatment and supportive and assistive care for injuries, and harm to physical and emotional well-being beyond the injuries caused by an underinsured motorist:

(a) If it did not attempt, in good faith, to promptly and equitably settle the insured person's claim in which liability had become reasonably clear;

(b) If it refused to pay an insured person's claim without conducting a reasonable investigation based on available information;

(c) If it failed to affirm or deny coverage of an insured person's claim within a reasonable time after receiving proof of loss statements;

(d) If it attempted to settle an insured person's claim for less than what a reasonable person would consider reasonable after reviewing Defendant Amica Mutual Insurance Company's advertising material; and

(e) If it compelled an insured person to initiate litigation to recover amounts due by offering substantially less than the amounts that other claimants ultimately recover in other actions.

35.

The negligence of Defendant Amica Mutual Insurance Company in one or more of the ways described above was a substantial factor in causing George Regas to suffer aggravation of physical injuries, discomfort, loss of sleep, emotional distress, anxiety, interference with normal life activities, and loss of enjoyment of life, all to George Regas's human damage in an amount to be determined by the jury in accordance with the law, not to exceed $225,000.

## THIRD CLAIM FOR RELIEF

## FINANCIAL ABUSE OF VULNERABLE PERSON

36.

Plaintiff George Regas incorporates paragraphs 1 through 35.

37.

At all material times, George Regas was a person 65 years of age or older who qualifies as a vulnerable person under the laws prohibiting financial abuse of vulnerable persons.

38.

Defendant Amica Mutual Insurance Company committed unlawful financial abuse after George Regas requested that Defendant Amica Mutual Insurance Company transfer to George Regas the underinsured motorist benefits that Defendant Amica Mutual Insurance Company held or controlled and that belonged to George Regas or were held in trust for George Regas.  Defendant Amica Mutual Insurance Company, without good cause, continues to hold George Regas's underinsured motorist benefits.  Defendant Amica Mutual Insurance Company's ownership or control of the money was acquired in part from George Regas.  Defendant Amica Mutual Insurance Company knew or should have known of George Regas's right to have the money transferred as requested or otherwise made available to the George Regas.

39.

Defendant Amica Mutual Insurance Company's conduct toward George Regas was a substantial factor in causing George Regas to suffer distress, humiliation, discomfort, loss of enjoyment of life, anxiety, and fear, all to his non-economic loss in an amount to be determined by the jury at trial in accordance with the law, not to exceed $225,000.

40.

As a result Defendant Amica Mutual Insurance Company's financial abuse of George Regas, Mr. Regas suffered economic losses of $450,000, the remaining amount of underinsured motorist coverage to which he was entitled.

41.

Plaintiff is entitled to reasonable attorney fees pursuant to ORS 124.100(2)(c).

\* \* \* \* \*

## PRAYER

WHEREFORE, Plaintiff George Regas prays for judgment as follows:

Under Plaintiff's First Claim for Relief for **Breach of Contract** against Defendant Amica Mutual Insurance Company:

(a) For enforcement of the contract requiring Defendant to pay George Regas $450,000;

(b) For Plaintiff's reasonable attorney fees pursuant to ORS 742.061; and

(c) For his costs and disbursements incurred in this action.

Under Plaintiff's Second Claim for Relief for **Negligence *Per Se*** against Defendant Amica Mutual Insurance Company:

(a) For George Regas's additional non-economic, human damages caused by Defendant's negligence in an amount to be determined by the jury in accordance with the law, not to exceed $225,000; and

(b) For the costs and disbursements that Plaintiff has incurred in this action.

Under Plaintiff's Third Claim for Relief for **Financial Abuse of Vulnerable Person** against Defendant Amica Mutual Insurance Company:

(a) For George Regas's noneconomic damages in an amount to be determined by the jury at trial in accordance with the law, not to exceed $225,000, the

    amount of which the Court shall multiply by a factor of three pursuant to ORS 124.100(2)(b);

(b) For George Regas's economic damages in an amount to be determined by the jury at trial in accordance with the law, not to exceed $450,000, the amount of which the Court shall multiply by a factor of three pursuant to ORS 124.100(2)(b);

(c) For reasonable attorney fees pursuant to ORS 124.100(2)(c); and

(d) For Plaintiff's costs and disbursements incurred in this action.

DATED: September 11, 2015   THE CORSON & JOHNSON LAW FIRM

*[signature]*

Don Corson, OSB# 851777
dcorson@corsonjohnsonlaw.com
Derek Larwick, OSB #120334
dlarwick@corsonjohnsonlaw.com

Attorneys for Plaintiff

COMPLAINT – Page 13